**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 1, 2013
Decided May 10, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-2174

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of Illinois. |
| *v.* | No. 3:11-CR-30178-GPM-001 |
| RUFINO TORRES-HERRERA, | G. Patrick Murphy, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Rufino Torres-Herrera, a Mexican citizen, pleaded guilty to being in the United States illegally after his removal. *See* 8 U.S.C. § 1326(a). The district court sentenced him to 46 months' imprisonment, the bottom of his Guidelines range. On appeal Torres-Herrera challenges the sentence. Seeing no error, we affirm the judgment.

Torres-Herrera was removed from the United States in July 2005 after serving 40 months in prison for conspiracy to distribute cocaine, crack, and methamphetamine, *see United States v. Delgado,* No. 02-CR-30081 (S.D. Ill. Dec. 2, 2003). In July 2011, Immigration and Customs Enforcement learned that Torres-Herrera had possibly returned to his residence in Fairmont

City, Illinois, and two months later ICE agents found him in his garage and arrested him. Torres-Herrera pleaded guilty to violating § 1326(a), and faced 20 years' imprisonment given that he was removed after committing an aggravated felony, *see id.* § 1326(b)(2). A probation officer calculated a Guidelines imprisonment range of 46 to 57 months based on a total offense level of 21 and criminal history category of III. Torres-Herrera did not object to the probation officer's calculations.

Torres-Herrera did file what he called a "motion for downward departure of sentence." In that motion he argued for a sentence below the Guidelines range asserting, among other reasons, that he had assimilated into the United States culture. In response the government argued for a high-end sentence. The prosecutor observed that Torres-Herrera not only had violated the conditions of supervised release for his drug conviction when he reentered the United States, but he also had been violating § 1326(a) the entire time since his return given that the statute defines a continuing offense.

At sentencing the district court adopted the probation officer's undisputed Guidelines calculation of 46 to 57 months. The judge acknowledged that he had read Torres-Herrera's "motion for downward departure of sentence" and interpreted it to argue that a reasonable sentence would be one below the guidelines range. The judge then invited the lawyers to make arguments, and defense counsel did not repeat or stress any of the arguments made in his written submission. The judge decided not to impose a sentence below the Guidelines range given Torres-Herrera's prior conviction for a drug conspiracy and selected 46 months.

In his brief Torres-Herrera does not argue that the district court committed error. In his summary of the argument, for example, he simply asserts that the district court acknowledged but rejected his argument for a "lesser" sentence. And he filed no reply to the government's assertion that Torres-Herrera had not assigned error to the district court. At oral argument Torres-Herrera's counsel finally contended that the sentence was unreasonable. We disagree. Torres-Herrera has not identified a reason to rebut the presumption of reasonableness applicable to his within-guidelines sentence. *See Rita v. United States*, 551 U.S. 338, 350–51 (2007); *United States v. Moreno-Padilla*, 602 F.3d 802, 810 (7th Cir. 2010). At oral argument counsel contended that the district court was wrong to discount Torres-Herrera's cultural-assimilation argument, but in the realm of discretionary sentencing district judges are not required to accept arguments in mitigation. *See United States v. Jackson*, 547 F.3d 786, 794–95 (7th Cir. 2008); *United States v. Blue*, 453 F.3d 948, 952–55 (7th Cir. 2006).

**AFFIRMED**.